IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY HOLDEN : CIVIL ACTION
v. :
DISTRICT ATTORNEY OFFICE : NO. 07-cv-4107

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in state custody who make arguments involving the United States Constitution, such habeas corpus relief from custody is available pursuant to 28 U.S.C. §2254 (which is part of AEDPA). If a writ of habeas corpus pursuant to 28 U.S.C. §2254 is issued by a federal court, the prisoner will be released from state custody on the grounds that certain Constitutionally protected rights have been violated; habeas corpus motions pursuant to 28 U.S.C. §2254 are the **only** possible means of obtaining this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress **intentionally** created a series of **restrictive gate-keeping conditions** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's **strict and short statute of limitations**, created by 28 U.S.C. §2244(d). Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called **"second or successive rule"**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a habeas if that litigant had at least one prior habeas that was dismissed with prejudice. For purposes of habeas corpus attacks on state custody, the concept of 'dismissal with prejudice' vis-a-vis the second or successive rule means **either:**

1

1. that the prior case was dismissed after merits consideration and denial on the merits; **or,**

2. that the prior case was dismissed on grounds of procedural default;[1] **or,**

3. that the prior case was dismissed on grounds of 28 U.S.C. §2244(d)'s statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

In the instant situation, there is a previous 28 U.S.C. §2254 petition filed by petitioner (namely 06-cv-5202), which attacked the same conviction and/or sentence attacked in 07-cv-4107, and which was dismissed with prejudice as time barred. Petitioner additionally filed a previous 60(b) petition, 07-cv-751, though that petition was dismissed without prejudice.

On October 1, 2007, petitioner filed a petition in this court, pursuant to Federal Rules of Civil Procedure 60(b), seeking to have his prior habeas petition, 06-cv-5202, reopened, but petitioner sets forth no grounds for such relief.

Accordingly, this 9th day of October, 2007, it is hereby

**ORDERED** that petitioner's application for relief pursuant to Federal Rule of Civil

---

[1] A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing. This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts. Slack v. McDaniel, 529 U.S. 473 (2000).

Procedure 60(b) is **DENIED WITHOUT PREJUDICE**, and, it is further

**ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.

_____
J. CURTIS JOYNER, U.S. District Judge